UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN MARQUISE BOARD,

    Petitioner,        Case No. 1:25-cv-1334

v.                Honorable Sally J. Berens

BRYAN MORRISON,

    Respondent.
_____/

**OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.15.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

    This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

    Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

I. **Factual Allegations**

Petitioner Ryan Marquise Board is incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility. Petitioner is serving a string of consecutive sentences. In this proceeding, he challenges his most recent conviction for possessing a weapon in prison in violation of Mich. Comp. Laws § 800.283(4). The Michigan Court of Appeals described the facts underlying Petitioner's conviction as follows:

> Defendant was a prisoner at Chippewa Correctional Facility (CCF) on July 2, 2018. On that day, CCF Officer Kirk Radtke was making rounds of a yard at CCF when he observed defendant holding something in his hand and showing the item to another prisoner. According to Officer Radtke, when defendant saw Officer Radtke walking toward him, defendant tried to conceal the item in his pants. Defendant then turned away from Officer Radtke and began walking toward another prisoner. Officer Radtke observed defendant engage in a verbal exchange with the other prisoner, who raised his hands and backed away from defendant. Officer Radtke walked over to defendant and pulled him away from the other prisoner. When he asked defendant what he had concealed in his pants, defendant said that he had nothing.
>
> Officer Radtke informed his supervisor, Sergeant William Sturm, that he would be bringing a prisoner to the west annex of the facility for the purpose of a search. Officer Radtke and CCF Officer Abraham McLarahmore accompanied defendant to the healthcare waiting room in the west annex. A few minutes later, defendant was taken to the strip-search room where Officer Radtke conducted a strip search of defendant in the presence of Sergeant Sturm. Officer Radtke instructed defendant to remove his clothing one article at a time. After defendant had stripped down to his undergarments, Officer Radtke and Sergeant Sturm observed a glove sticking out of the waistband of defendant's shorts. The glove contained an eight-inch metal

3

> weapon with a homemade handle. Sergeant Sturm photographed the glove, the weapon, and defendant's ID, and the evidence was processed and placed into a Michigan State Police evidence locker. Defendant was charged with being a prisoner in possession of a weapon.

*People v. Board*, No. 352371, 2022 WL 66501, at *1 (Mich. Ct. App. Jan. 6, 2022).

Petitioner does not contest his guilt in this proceeding; instead, he argues that the trial court improperly scored an offense variable when the court applied the Michigan Sentencing Guidelines. (Pet., ECF No. 1, PageID.6.) Moreover, Petitioner claims that his counsel's failure to object to that error constituted ineffective assistance of counsel. (*Id.*)

## II.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)); *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "[I]f a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied, and the federal court can review the underlying claim on its merits." *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III.  Sentencing Guidelines

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of, or departures from, sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373–74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301–02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Petitioner's challenge contests the sentencing court's application of the state sentencing guidelines and, therefore, is not cognizable on habeas review. As the Supreme Court explained in *Estelle*, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S. at 67–68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw*, 546 U.S. at 76 ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Petitioner contends that the scoring of offense variable 19 (OV19) was incorrect. Section 777.49 of the Michigan Compiled Laws, regarding OV19, states:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court                                                                                                         25 points
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services                                                                                                         15 points
>
> (c) The offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order                                                                                                         10 points
>
> (d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force          0 points

Mich. Comp. Laws § 777.49. The trial court concluded that Petitioner's possession of the weapon was conduct that threatened the security of a penal institution and scored OV19 at 25 points. Petitioner contends that there was no evidence that he "had any intent to threaten the security of a penal institution" and that the OV19 statute and developing case law require evidence of such intent. (Pet., ECF No. 1, PageID.7.)

The Michigan Court of Appeals rejected Petitioner's argument:

> Evidence was presented that defendant possessed an eight-inch metal object with a blade and concealed the weapon in his underwear. Defendant admits that the officer "potentially saw him display what could have been the weapon prior to the search." Although the trial testimony does not explicitly state that the object Officer Radtke saw in defendant's hand was the same metal object found during defendant's strip search, there is a reasonable inference that they are one and the same. Inmates are not allowed to possess weapons. Indeed, as defendant's conviction establishes, it is a criminal offense for an inmate to possess a weapon in a penal institution. MCL 800.283(4). An inmate in possession of a weapon is capable at any time of injuring

or killing a guard or another inmate—or even simply taking a guard or another inmate hostage. Such actions would clearly threaten the security of the penal institution. Thus, the possession of a weapon by an inmate is an ever-present threat to the security of the penal institution. We note the following passage from *People v Dickinson*, 321 Mich. App. 1, 24; 909 N.W.2d 24 (2017):

> Defendant does not dispute the trial court's conclusion that smuggling drugs into a penal institution creates serious problems for inmates and prison guards but rather argues that OV 19 applies only to offenders who smuggle weapons into a prison. That argument, however, is unavailing because MCL 777.49 by its language does not limit the assessment of 25 points for OV 19 to offenders who smuggled weapons or other mechanical destructive devices into a prison. Our review of the trial court's application of MCL 777.49 to the facts of this case and the reasonable inferences drawn from those facts establishes that the trial court's assessment of 25 points for defendant's OV 19 score was warranted.

This passage reveals an apparent acceptance by this Court that the possession of a weapon in prison necessarily threatens the security of that penal institution. And if smuggled drugs justify a 25-point score for OV 19, defendant's possession of the metal weapon certainly demanded the assessment of 25 points.

Our Supreme Court has explained that in the absence of express language to the contrary, OVs may be scored on the basis of conduct inherent in the sentencing offense pursuant to the plain language of the statute. *Hardy*, 494 Mich. at 441–442; *People v Houston*, 473 Mich. 399, 409–410; 702 N.W.2d 530 (2005). The plain language of MCL 777.49(a) does not require that a weapon actually be used by a defendant, nor does the statute require that a defendant have the intent to threaten the security of a penal institution . . . .

*Board*, 2022 WL 66501, at *3–4. The state appellate court's determination regarding the propriety of the OV19 score binds this Court. *Wainwright*, 464 U.S. at 84; *Bradshaw*, 546 U.S. at 76. Accordingly, Petitioner's argument that the scoring was in error because there was no evidence of intent is meritless.

## IV.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance

prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome. *Id*. at 687–88. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the petitioner is not entitled to relief if counsel's error had no effect on the judgment. *Id*. at 691.

The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim, stating: defense counsel was not ineffective for failing to object to the scoring of OV 19. *People v Ericksen,* 288 Mich. App. 192, 201; 793 N.W.2d 120 (2010) ('Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.')." *Board*, 2022 WL 66501, at *4. The appellate court's determination is entirely consistent with clearly established federal law. *See Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim."); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (noting that "omitting meritless arguments is neither professionally unreasonable nor prejudicial"). Petitioner, therefore, is not entitled to habeas relief with respect to his ineffective assistance of counsel claim.

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court finds that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue

Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:    December 9, 2025                    /s/ Sally J. Berens
                                              SALLY J. BERENS
                                              United States Magistrate Judge